UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF STERLING HEIGHTS
POLICE AND FIRE RETIREMENT SYSTEM,
Individually And On Behalf Of All Others
Similarly Situated,                                              Civil Action No. 05-cv-2141-DC

        Plaintiff,

   v.

ABBEY NATIONAL, PLC and IAN HARLEY,

        Defendants.

## STIPULATION OF SETTLEMENT

     This Stipulation is made and entered into by and among Lead Plaintiff The City of

Sterling Heights And Fire Retirement System, individually and on behalf of the settlement class

of such similarly situated persons or entities as are conditionally certified by the United States

District Court for the Southern District of New York, for the sole purpose of settlement of the

above captioned action) as defined below (the "Settlement Class"), Abbey National, PLC

("Abbey"), and Ian Harley ("Harley" and collectively with Abbey, "Defendants"), by and through

their undersigned attorneys. This Stipulation is intended to fully, finally, and forever resolve,

discharge, release and settle all claims asserted or that could have been asserted against

Defendants in this Action upon and subject to the terms and conditions hereof. The settlement

reflected herein is contingent upon satisfaction of each of the conditions set forth in this

Stipulation.

## I.   THE ACTION

### A.   Action History

WHEREAS, on June 10, 2004, Plaintiff filed a Complaint in the United States District Court for the District of New Mexico, entitled The City of Sterling Heights Police and Fire Retirement System v. Abbey National, PLC, alleging breaches of fiduciary duty and violations of the Securities Exchange Act of 1934, which Complaint was transferred to the United States District Court for the Southern District of New York on February 15, 2005;

WHEREAS, on March 24, 2005, Lead Plaintiff, on behalf of itself and the class it purported to represent, consisting of purchasers of Abbey American Depository Receipts ("ADRs") during the purported class period of July 24, 2001 through June 10, 2002, inclusive, filed its Amended Class Action Complaint in the United States District Court for the Southern District of New York, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), SEC Rule 10b-5, and common law breach of fiduciary duty against Abbey and its former Chief Executive Officer, Harley, as well as a violation of Exchange Act § 20(a) against Harley, in the above captioned Action. entitled The City of Sterling Heights Police and Fire Retirement System v. Abbey National, PLC and Ian Harley, No. 05-cv- 2141-DC (the "Action");

WHEREAS, Plaintiff's Amended Class Action Complaint alleged that Harley and other Abbey representatives made materially misleading statements regarding the financial health of Abbey, particularly with respect to certain investments Abbey held, allegedly causing financial loss to the Settlement Class at the time when Abbey's true financial picture allegedly came to light;

WHEREAS, Defendants filed a Motion To Dismiss Plaintiffs' Amended Class Action Complaint on a variety of grounds on July 14, 2005,

WHEREAS, Lead Plaintiff filed its opposition to Defendants' motion on August 26, 2005 and Defendants filed their Reply on September 26, 2005;

WHEREAS, by Opinion and Order dated March 31, 2006, the Court granted in part and denied in part Defendants' Motion to Dismiss, granting the motion with respect to alleged Section 10(b) and Rule 10b-5 violations arising from alleged alleged misrepresentations in 2001 and the breach of fiduciary duty claims and denying the motion with respect to alleged Section 10(b) and Rule 10b-5 violations arising from alleged alleged misrepresentations in 2002 and the Section 20(a) claims.

WHEREAS, the Parties, after substantial arms-length negotiation, subsequently agreed to resolve this matter on the terms stated herein;

WHEREAS, pursuant to the terms of the Memorandum of Understanding ("MOU"), dated October 5, 2006, executed by the Parties and reflecting the principal terms of settlement, Lead Plaintiff, on behalf of the Settlement Class, and Defendants have agreed to file this Stipulation of Settlement and all other documents necessary to obtain preliminary and final approval of the Settlement;

**B.      Defendants' Denials Of Wrongdoing And Liability**

WHEREAS, Defendants deny any and all liability and claims of wrongdoing against them and maintain at all times that they have meritorious defenses to all of the claims and allegations made in the Amended Class Action Complaint, but recognize the inherent burden and expense, risks, and uncertain outcome of the Action, especially in such a complex case, and therefore have concluded that further pursuit of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation;

WHEREAS, this Stipulation, and all related documents, shall not be construed as or

deemed an admission or concession of liability or wrongdoing or evidence of an admission or concession of liability or wrongdoing on the part of any Defendant, with respect to any claim asserted or that could have been asserted against them in the Action or in any civil, administrative, criminal or any other legal proceeding instituted by Lead Plaintiff or on behalf of any member of the Settlement Class;

### C.    Plaintiffs' Claims And The Benefits Of Settlement

WHEREAS, Lead Plaintiff, through Lead Counsel, has conducted an extensive investigation relating to the claims asserted in the Amended Class Action Complaint, which investigation has provided Lead Counsel and the Lead Plaintiff with an adequate and satisfactory basis for the evaluation of and agreement to the Settlement described herein;

WHEREAS, Lead Plaintiff and Lead Counsel recognize the expense, risks, and uncertain outcome of the Action and appeals, especially in a complex action such as this, and the Lead Plaintiff, on behalf of itself and all other members of the Settlement Class, desires to settle its claims against all Defendants in the Action on the terms and conditions hereafter set forth in the Stipulation;

WHEREAS, Lead Counsel deems the Settlement to be fair, reasonable, adequate, and in the best interests of the members of the Settlement Class;

WHEREAS, Lead Plaintiff had the benefit of experienced counsel in evaluating the reasonableness of the Settlement, had sufficient time and opportunity to conduct discovery into the merits of their claims, and relies on nothing other than its own judgment and that of its counsel in reaching the conclusion that the Settlement Amount is fair, reasonable, adequate, and in the best interests of the members of the Settlement Class;

WHEREAS, this Stipulation shall in no event be construed or deemed to be evidence or a

concession by the Lead Plaintiff of any infirmity in the claims asserted in the Action;

WHEREAS, Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Amended Class Action Complaint, developed through its investigation to date, supports its claims;

WHEREAS, neither Party shall assert or pursue any action, claim or rights that any other party hereto violated any provision of Rule 11 or the Federal Rules of Civil Procedure;

WHEREAS, Lead Plaintiff and Lead Counsel will not deny in any statement made to any media representative that the Action is being settled voluntarily for the purpose of avoiding the burden and expense of further litigation; and

WHEREAS, Lead Plaintiff and Lead Counsel agree that the Action was resolved in good faith, following arms-length bargaining, confers substantial benefits upon the Settlement Class and, based upon their evaluation, is in the best interests of the Defendants as well as Lead Plaintiff and the Settlement Class.

## II.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, in consideration of the recitals set forth above, which the Settling Parties intend as part of their agreement, the mutual promises contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and pursuant to Federal Rule of Civil Procedure 23;

IT IS HEREBY STIPULATED AND AGREED, by and between the Settling Parties, by and through their respective undersigned counsel, that the Action shall be fully, finally, and forever resolved, discharged, and settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth;

## A. Definitions

1.1.    "Authorized Claimant" means any member of the Settlement Class who is a

claimant as defined below and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2.     "Claimant" means any Settlement Class Member (as defined below) who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3.     "Claims Administrator" means The Garden City Group, subject to approval by the Court.

1.4.     "Corresponding Released Parties" means each or any of the respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, divisions, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, joint venturers, reinsurers, legal representatives, successors in interest, assigns, Persons, firms, trusts, corporations, officers, directors, or other individuals or entities of the Lead Plaintiff, any and all of the Defendants, or members of the Settlement Class, or in which any Defendant or Plaintiff or any member of the Settlement Class has a controlling interest or which is related to or affiliated with any of the Defendants or Plaintiff or any member of the Settlement Class and any other representatives of any of these Persons or entities.

1.5     "Court" means the United States District Court for the Southern District of New York.

1.6.     "Defendants" means Abbey National, PLC and Ian Harley.

1.7.     "Defendants' Counsel" means the law firm of Cleary, Gottlieb, Steen & Hamilton LLP.

1.8.     "Effective Date of Settlement" or "Effective Date" means the first date by which all of the events and conditions specified in ¶ 4.3 of this Stipulation have been met and have

6

occurred.

1.9.    "Escrow Agents" means Defendants' Counsel, Lead Plaintiff's Counsel, and the Claims Administrator.  After the Settlement becomes Final (as defined below), Defendants' Counsel shall be removed as Escrow Agents and the Claims Administrator and Lead Plaintiff's Counsel shall remain the Escrow Agents.

1.10.   "Final" means one business day following the later of the following events: (i) the date on which the time for filing or noticing any appeal of the Court's Final Judgment and Order of Dismissal With Prejudice, as defined below, and the time for any petition for reargument or rehearing, or review by certiorari or otherwise has expired and is no longer subject to appeal or certiorari, -- i.e., thirty (30) days after entry of the Final Judgment and Order of Dismissal With Prejudice -- other than an appeal solely with respect to attorneys' fees and reimbursement of expenses; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date on which the Final Judgment and Order of Dismissal With Prejudice is finally affirmed on appeal, in a manner that leaves in place the Final Judgment and Order of Dismissal With Prejudice, as well as all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand) without any material modification; or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.11.   "Final Judgment and Order of Dismissal With Prejudice" means the proposed Final Judgment and Order of Dismissal With Prejudice to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.12.   "Lead Plaintiff" means The City of Sterling Heights Police and Fire Retirement

System.

    1.13.   "Lead Plaintiff's Counsel" or "Plaintiffs' Counsel" means: (1) the law firm of Glancy Binkow & Goldberg LLP as co-lead counsel; and (2) The Miller Law Firm, P.C. as co-lead counsel.

    1.14.   "Action" means the action filed in the United States District Court for the Southern District of New York on March 24, 2005, entitled <u>The City of Sterling Heights Police and Fire Retirement System v. Abbey National, PLC, and Ian Harley</u>, Civil Action No. 05-cv-02141-DC.

    1.15.   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit A-1.

    1.16.   "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

    1.17.   "Parties" or "Settling Parties" means the Lead Plaintiff, the Settlement Class and Defendants.

    1.18.   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

    1.19.   "Plaintiffs" means the Lead Plaintiff and the Settlement Class Members.

    1.20.   "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be

8

awarded by the Court.

1.21    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.22    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon, to be published as directed by the Court.

1.23.    "Released Claims" means all claims (including "Unknown Claims" as defined below), actions, manner of action, suits, claims for sums of money, contracts, controversies, agreements, costs, damages, judgments, demands, rights, liabilities or causes of action, in law, contract, trust, or in equity, accrued or unaccrued, fixed or contingent, known or unknown, matured or unmatured, in law or in equity, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, which Plaintiffs or any Settlement Class Member or their Corresponding Released Parties in the Action or any one of them ever had, may now have, or may subsequently have, against any of the Defendants or their Corresponding Released Parties in the Action, that were or could have been asserted against any of the Defendants and/or their Corresponding Released Parties in the Action, or that arise out of, were based upon, or relate directly or indirectly in any way to the Action or the purchase, sale, transfer or other disposition of Abbey ADRs, including without limitation the subject matter, facts, transactions, events, matters, transactions, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act which were or could have been alleged, asserted, embraced, encompassed or otherwise referred to in or underlying the Action, or

9

that were or could have been asserted in the Action, by Plaintiffs or any Settlement Class Member or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation (including the law of any jurisdiction outside of the United States), that relate in any way to any violation of law, any misstatement or omission, any breach of duty, any negligence or fraud or any other alleged wrongdoing or misconduct relating in any way to Abbey or Harley, any fiduciary or other actual or alleged duties owed by any Defendant to Abbey and/or holders of Abbey ADRs, or any actual or alleged disclosure obligations by any Defendant under federal, state, local, statutory, common or any other law.

1.24.   "Released Defendants' Claims" means all claims Defendants shall release as to Lead Plaintiff, and the members of the Settlement Class described below, relating to the institution, prosecution, and settlement of this Action.

1.25.   "Released Parties" means the Plaintiffs, Defendants, and each of the Plaintiffs' and Defendants' respective Corresponding Released Parties.

1.26.   "Settled Claims" means all of the Released Claims and Released Defendants' Claims against the Released Parties.

1.27.   "Settlement" means the settlement contemplated by this Stipulation.

10

1.28.   "Settlement Account" or "Escrow Account" means the interest bearing account held by the Escrow Agents for the benefit of the Settlement Class, at such financial institution as designated by the Escrow Agents, into which Defendants shall deposit the Settlement Fund.

1.29.   "Settlement Class" means the class of Persons who purchased Abbey ADRs in the open market during the Settlement Class Period, but excluding Defendants; members of Defendants' immediate families; all individuals who are either current or former officers and/or directors of Abbey or any of its affiliates or subsidiaries, or who served as officers and directors of any such entity at any time during the Settlement Class Period, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest or any entity which is or was related to or affiliated with any Defendant; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons.

1.30.   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion, as set forth herein at ¶ 7.3.

1.31.   "Settlement Class Period" means the period from January 2, 2002 through and including June 10, 2002.

1.32.   "Settlement Fund" means the cash settlement amount of five hundred twenty-five thousand dollars ($525,000) deposited or to be deposited into the Settlement Account that will be designated by the Escrow Agents, in accordance with the terms of this Agreement, including all interest accruing thereon.

1.33.   "Settling Parties" means all parties to the Action, including Lead Plaintiff, on behalf of itself and all members of the Settlement Class, and Defendants.

1.34.   "Stipulation" means this Stipulation of Settlement, dated as of November 14,

2006.

1.35.   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the nature of excise, withholding, ad valorem, stamp, transfer, value added, or gains taxes; license, registration and documentation fees; and customs duties, tariffs, and similar charges.

1.36.   "Unknown Claims" means claims that the Settlement Class, Defendants, and any or all other Persons and entities whose claims are being released, do not know or suspect to exist, which, if known by him, her or it, might affect or have affected his, her or its agreement to release the Released Parties and the Released Claims or Released Defendants' Claims, or might affect or have affected his, her or its decision to agree, object or not to object to the Settlement or to not exclude himself, herself or itself from the Settlement Class.  Upon the Effective Date, the Settlement Class, Defendants, and all other Persons and entities whose claims are being released, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of §1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Settlement Class, Defendants, and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to §1542 of the California Civil Code. Plaintiffs and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, and the Released Defendants' Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**B. The Settlement**

2.1.    Within ten (10) business days after the Court grants preliminary approval of the proposed Settlement, Defendants shall cause Five Hundred Twenty-Five Thousand Dollars ($525,000.00) to be deposited in escrow into the Settlement Account. To expedite such payment, such funds may be deposited in an escrow account with Defendants' Counsel, in which event within an additional twenty (20) business days following the Court's execution of the Preliminary Approval Order, for a total of thirty (30) business days following the Court's entry of the Preliminary Approval Order, the Escrow Agents shall deposit such sum into an interest bearing account at a bank to be agreed upon. All funds held in the Settlement Account shall be deemed and considered to be subject to the jurisdiction of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation of Settlement, the Plan of Allocation and/or further Order(s) of the Court.

2.2.    The Settlement Fund is to be used solely pursuant to the Stipulation of Settlement, including for the purpose of paying for actual and documented reasonable class notice, administration costs, and attorneys' fees and costs as approved by the Court, unless returned in

accordance with this Stipulation as set forth herein in Article IIE below. The Escrow Agents shall invest any funds deposited in the Escrow Account in excess of $100,000.00 in short term United States Agency or Treasury Securities, backed by the full faith and credit of the United States government, or a money market fund, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates. Any funds held in escrow in an amount of $100,000.00 or less may be held in an interest-bearing account insured by the FDIC.

2.3.    The Parties will enter into a separate Escrow Agreement, with Defendants' Counsel, Lead Plaintiff's Counsel, and the Claims Administrator serving as Escrow Agents over the Settlement Account. All funds held in escrow on behalf of the Settlement Class pending disbursement or return shall be held in the name of "Abbey National PLC Securities Action Settlement Fund" at an institution designated by the Escrow Agents (the "Escrow Account"). The Settlement Fund and any interest earned thereon shall be deemed the "Gross Settlement Fund." The Gross Settlement Fund shall be subject to the jurisdiction of the Court and shall remain so until such time as it is distributed or returned in accordance with the terms of this Stipulation.

2.4.    All applicable Taxes, and actual and documented reasonable costs and expenses of class notice and administration of the Settlement, shall be paid from the Settlement Account when incurred, except that if funds in excess of $60,000 are to be paid prior to the Effective Date, then Defendants must approve such excess payments in writing.

2.5.    The Defendants shall have no responsibility nor liability for the allocation of the Gross Settlement Fund among the Authorized Claimants or Settlement Class Members or the allocation of any awards of Plaintiffs' attorneys' fees, costs and expenses. Any such awards shall

be paid solely from the Gross Settlement Fund as ordered by the Court and from no other source.

2.6.    No Person shall have any claim against Defendants, their Counsel, Plaintiffs, their Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution, determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## C. Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund

3.1.    Under the supervision of Lead Plaintiff's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution to Authorized Claimants.

3.2.    If distributed and not returned in accordance with Article IIE below, the Gross Settlement Fund shall be applied, in accordance with the timeframe set forth in this Stipulation, as follows:

    i.      To pay the Tax or Taxes described above;

    ii.     To pay all actual and documented costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Settlement Class, providing Notice, soliciting Settlement Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Gross Settlement Fund to Authorized Claimants,

paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

       iii.     To pay Lead Plaintiff's Counsel's attorneys' fees, expenses and costs with interest thereon, to the extent allowed by the Court; and

       iv.     To distribute the balance of the Settlement Fund to the Authorized Claimants as allowed by the Court.

    3.3.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

       (i)     As provided in ¶3.4 below, consistent with prior Order of the Court;

       (ii)     To pay Taxes and Tax Expenses (as defined in ¶3.5 below) on the income earned by the Abbey National PLC Securities Action Settlement Fund. Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agents without prior Order of Court; and

       (iii)     Subject to ¶5.10 below, and to the terms of the Supplemental Agreement between the Settling Parties as defined in ¶ 5.2 below, to pay attorneys' fees and expenses as ordered by the Court, and pursuant to ¶¶ 8.1-8.5 below, after final District Court Approval of the Settlement.

    3.4.    Beginning three (3) business days after payment of the Settlement Fund to the Escrow Account pursuant to ¶2.1 above, the Escrow Agents shall, without further approval from

the Defendants or the Court, disburse at the direction of Lead Plaintiffs' Counsel up to the sum of

$60,000.00 from the Gross Settlement Fund to pay the actual, documented, reasonable costs and

expenses associated with the administration of the Settlement, including, without limitation:  the

cost of identifying and locating members of the Settlement Class; mailing Notice and Proof of

Claim and publishing the Publication Notice (such amounts shall include, without limitation, the

actual costs of publication, printing and mailing the Notice, reimbursement to nominee owners

for forwarding notice to their beneficial owners); soliciting Settlement Class claims; assisting

with the filing of claims, administering, paying any applicable taxes, processing Proof of Claim

and Release forms, and paying escrow fees and costs, if any; and the administrative expenses

incurred and fees charged by the claims Administrator in connection with providing notice and

processing the submitted claims.  Prior to the Effective Date, no Person or Party, including the

Claims Administrator or other Escrow Agents, shall disburse more than $60,000.00 from the

Gross Settlement Fund.

     3.5.    Taxes:

     (i).    The Settling Parties and the Escrow Agent agree to treat the

Settlement Fund as being at all times a "qualified settlement fund" within the meaning of

Treasury Regulation §1.468B-1.  In addition, the Claims Administrator shall timely make such

elections as necessary or advisable to carry out the provisions of this ¶3.5, including the

"relation-back election" (as defined in Treasury Regulation §1.46813-1) back to the earliest

permitted date.  Such elections shall be made in compliance with the procedures and

requirements contained in such regulations. It shall be the responsibility of the Claims

Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(ii).    For purposes of §468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation §1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶3.5(i)) shall be consistent with this ¶3.5 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.5(iii)(A) hereof.

(iii).    All (A) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed on any Party or their Counsel for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (B) expenses and costs incurred in connection with the operation and implementation of ¶3.5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶3.5) ("Tax Expenses"), shall be paid out of the Settlement Fund.  No Party hereto or their Counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  The Claims Administrator shall indemnify and hold each of the Parties and their Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  The Claims Administrator shall be

18

obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  No Party hereto nor their Counsel are responsible nor shall they have any liability therefore.  The Parties hereto agree to cooperate with the Claims Administrator, the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.5. Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

3.6.     No Person shall have any claim against Defendants, their Counsel, Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel, based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein or further Orders of the Court.

3.7     This is not a claims-made settlement.  Subject to its refund rights set forth in Article IIE below, Defendants may not recoup any portion of the Settlement Fund in the event the Effective Date occurs.

3.8     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any Order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the

Court's Final Judgment and Order of Dismissal With Prejudice approving this Stipulation and the Settlement set forth therein, or any other Orders entered pursuant to this Stipulation.

3.9.    Lead Plaintiff and all members of the Settlement Class waive any objection to the Settlement or any Order entered in this Action unless such objection is asserted in accordance with the governing rules under Rule 23 of the Federal Rules of Civil Procedure and as set forth herein at ¶7.4.

4.0.    All Orders entered in this Action, including without limitation the partial dismissal Order entered on March 31, 2006 (the "Dismissal Order"), are or may be appealable in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.  Should the time for the filing of any such appeal expire or should an appeal not be timely filed, all Persons with an interest or otherwise affected by such any Order shall be forever barred from filing such an appeal and the Orders shall be deemed final and unappealable.

4.1.    After notice is given, Lead Counsel will request that the Court approve the Settlement and the Parties shall request and obtain from the Court a Final Judgment and Order of Dismissal With Prejudice essentially identical to the form attached to this Agreement as Exhibit B. The Final Judgment and Order of Dismissal With Prejudice will (among other things):

        (i).    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

        (ii).    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members; direct the Parties and their Counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare

the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns;

(iii).    certify the Settlement Class for settlement purposes;

(iv).    find that the Settlement Class Notice, the Summary Notice and the notice methodology implemented pursuant to the Settlement Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of New York law, the Due Process Clause of the United States Constitution and the Rules of the Court;

(v).    find that Lead Plaintiff's Counsel and the Class Representatives adequately represented the Settlement Class for purposes of entering into and implementing the settlement;

(vi).    dismiss with prejudice and on the merits all claims, including without limitation all claims asserted or that could have been asserted in the Action or any other proceeding by Lead Plaintiff or any member of the Settlement Class, and direct the entry of a Final Judgment and Order of Dismissal With Prejudice so dismissing, such Final Judgment and Order of Dismissal With Prejudice containing the general release described below.  Such dismissal shall affect all Persons with an interest in or who were

21

or are otherwise affected by the Action;

(vii).   incorporate the General Releases, which are described in ¶ 6.2 below, make the General Releases effective as of the date of the Final Judgment and Order of Dismissal With Prejudice, and forever discharge the Released Parties and their counsel from any claims or liabilities arising from or related to the Released Claims;

(viii).  bar and enjoin all Settlement Class Members who have not been excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction, based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Settled Claims, and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims;

(ix).    authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (a) shall be consistent in all material respects with the Final Judgment and Order of Dismissal With Prejudice, and (b) do not limit the rights of Settlement Class Members;

(x).    without affecting the finality of the Final Judgment and Order of Dismissal With Prejudice for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment and Order of Dismissal With Prejudice,

and for any other necessary purpose; and

> (xi).   incorporate any other provisions as the Court deems necessary and

just.

**D. Conditions of Settlement**

4.2.   The Parties will request the Court to certify the Settlement Class for the purposes of this Settlement only.

4.3.   The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

> (i)    Defendants have timely contributed to the Settlement Fund as required by ¶2.1 above;

> (ii)   The Court has entered the Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A;

> (iii)  The Court has given final approval to the Settlement, following notice to the Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and has entered the Final Judgment and Order of Dismissal With Prejudice, or judgments substantially in the form of Exhibit B; and

> (iv)   The Final Judgment and Order of Dismissal With Prejudice has become Final, as defined in ¶1.10, above, or, in the event that the Court enters Orders and final judgments in a form other than that provided above ("Alternative Judgment") and which has the consent of the Parties, such Alternative Judgment becomes Final.

4.4.   Upon the occurrence of all of the events referenced in ¶4.3 above, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever

extinguished, except as set forth in this Stipulation. At that time, i.e., the occurrence of the Effective Date, Defendants and their counsel shall be removed as Escrow Agents and as parties to the Escrow Agreement; provided, however, that if there is a dispute about finality or expiration of time to appeal or affirmance that Counsel for Defendants and Counsel for Plaintiffs cannot resolve, any Party can file an appropriate application with the Court for a determination, and until such time as the issue is resolved, at the sole option of Defendants, Defense Counsel may remain as one of the Escrow Agents until the resolution of the dispute.

4.5.    The Settlement is not conditioned on any specific plan of allocation being approved, any award or particular award of attorneys' fees, or the finality of any appeal of the award of attorneys' fees.

**E.  Termination of Settlement**

5.1.    If some or all of the conditions specified in ¶4.3 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, or Defendants determine to terminate this Stipulation in accordance with the provisions hereof, then this Stipulation shall be canceled and terminated subject to this Article IIE hereof, unless those contributing to the Settlement Fund, Lead Plaintiff's Counsel, and Defendants' Counsel mutually agree in writing to proceed with this Stipulation. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein. If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all of the Settling Parties.

5.2.    If prior to the Settlement Hearing, any Persons who otherwise would be Members

of the Settlement Class have timely requested exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of ¶7.3 herein, and such Persons in the aggregate purchased a number of shares of Abbey ADRs during the Settlement Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Settling Parties to be agreed upon prior to the Settlement Hearing, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendants' Counsel of record within five (5) court days of receipt by Lead Plaintiffs or Plaintiffs' Settlement Counsel but in no event later than ten (10) court days before the Settlement Hearing. Defendants may terminate the Stipulation by serving written notice of termination on the Court and Lead Plaintiff's Counsel by hand delivery or first class mail, postmarked on or before five (5) court days after the receipt of all of the copies of the Requests for Exclusion, on or before five (5) court days after the Court grants additional exclusion for any reason, or on or before three (3) court days before the Settlement Hearing, whichever occurs last.

5.3.    Lead Plaintiffs, on behalf of the Settlement Class, or Defendants, and any of them, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within twenty (20) days of: (i) the Court's declining to enter the Order for Notice and Hearing in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Final Judgment and Order of Dismissal With Prejudice in any material respect; or

(iv) the date upon which the Final Judgment and Order of Dismissal With Prejudice is modified or reversed in any material respect by the Court of Appeals or the United States Supreme Court.

5.4.     If the full Settlement Fund is not paid within the time specified herein, Lead Plaintiff's Counsel will have the option to terminate the Settlement.

5.5.     If a case is commenced in respect of any Defendant under Title 11 of the United States Code, or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Escrow Account of any portion thereof on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is thus required to be returned, and such amount is not promptly deposited to the Settlement Fund by other Defendants, then, at the election of Lead Plaintiff's Counsel, the Parties shall jointly move the Court to vacate and set aside the Releases given and Final Judgment and Order of Dismissal With Prejudice dismissing the Action entered pursuant to this Stipulation and Settlement, which Releases and Final Judgment and Order of Dismissal With Prejudice shall be null and void, and the parties shall be restored to their respective positions in the Action as of October 4, 2006, and any cash amounts in the Escrow Account shall be returned in the manner set forth in herein.

5.6     If the Settlement or any Order in this Action is not finally approved, does not survive appeal, or is terminated as provided for herein, then at Defendants' sole option the Settlement may be terminated and

(i)     the amount deposited into the Settlement Fund, plus interest (net of taxes), shall be returned to the Person(s) that deposited those amounts as instructed in writing by Defendants' Counsel, which shall so instruct the

Escrow Agents within ten (10) business days of notice to the Parties of such termination or failure to obtain final judicial approval or a reversal on appeal; except that Lead Plaintiff and Lead Plaintiff's counsel shall not be obligated to refund any reasonable and documented monies spent on costs associated with notice and administration or taxes up to a maximum of $60,000. All sums in excess of $60,000 shall be returned to the Person(s) that deposited such amounts;

(ii)    the Parties (including Abbey and Harley, regardless of whether they had been dismissed without prejudice from the Action) shall revert to their litigation positions in this Action or any other action as of October 4, 2006; and

(iii)    the facts and terms of this Settlement shall not be admissible for any purpose in any trial or other proceeding in this Action or any other action.

5.7    If this Stipulation is terminated or fails to become effective for the reasons set forth in ¶ 4.3 or Article IIE hereof, the Settling Parties and those contributing to the Settlement Fund shall be restored to their respective positions in the Action as of October 4, 2006. In such event:

(i)    Any Final Judgment and Order of Dismissal With Prejudice or other Order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc;

(ii)    The Gross Settlement Fund, less an amount that in the aggregate shall not exceed sixty thousand dollars ($60,000) for any Taxes or Tax Expenses due with respect to any interest earned by the fund, plus any reasonable expenses actually incurred,

documented, and paid or due and owing in connection with notice costs and administration of the settlement as provided for in this Stipulation, shall be returned, within fifteen (15) business days after written notice of such event, to the Person(s) making the deposits; (a) for the purposes of this Article IIE hereof, the amount of expenses actually incurred, documented, and paid or due and owing in connection with notice costs and administration of the settlement as provided for in this Stipulation, plus Taxes, shall not exceed sixty thousand dollars ($60,000); and (b) any such expenses that Plaintiffs' Counsel account for as actually and properly incurred in connection with the cost of giving notice of the Settlement and the administration of the Settlement prior to the termination or cancellation of the Settlement in accordance with the terms of this Stipulation, and any such expenses consisting of Tax Expenses, up to a maximum of sixty thousand dollars ($60,000), shall not be returned to any other party to the Action. The remainder of the Gross Settlement Fund, plus interest (net of taxes), in excess of sixty thousand dollars ($60,000) shall be returned to the Person(s) that made the deposits. No Order of the Court or modification or reversal on appeal of any Order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Plaintiffs or any of Plaintiffs' Counsel shall constitute grounds for cancellation or termination of this Stipulation, unless the Court otherwise orders.

5.8.    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed for the items sets forth in ¶5.7(ii) for which proof is shown that such amounts have already been properly incurred as expenses. In addition, any expenses set forth in ¶5.7(ii) already incurred and chargeable at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent from the Gross

Settlement Fund in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶5.7(ii) above; provided however, that for the purposes of this Stipulation, the amount of expenses actually incurred and paid or due and owing in connection with notice costs and administration of the settlement as provided for in this Stipulation, plus any Taxes, shall not exceed sixty thousand dollars ($60,000).

5.9     If the Settlement does not become effective, for any reason set forth in this Article IIE hereof, the failure of the Court to approve the Settlement or the overturning of such approval on appeal, the Gross Settlement Fund, less any reasonable and documented amounts incurred for notice, administration, and/or taxes, up to a maximum of sixty thousand dollars ($60,000), shall revert to the Person(s) making the deposits and repaid to such Person(s) within fifteen (15) days thereof. If any Person takes an appeal from the final Court approval of the Settlement, the Final Judgment and Order of Dismissal With Prejudice of Dismissal or any of the Orders entered in this Action, then pending the final determination or resolution of the appeal, and until any such appeal is dismissed or otherwise decided, the Claims Administrator will cease all work and incur no expenses except that the Claims Administrator shall respond to all Settlement Class Member inquiries, but shall take no affirmative actions, including but not limited to instituting any formal notice, to inform that the claims process is stayed pending resolution of the appeal. Notwithstanding the foregoing, an appeal challenging solely the amount of attorneys' fees and reimbursement of expenses to attorneys shall not halt the claims process.

5.10     In the event that the Effective Date does not occur, or this Stipulation is terminated, and to the extent that any award of attorneys' fees and/or expenses or costs has been paid to any Counsel for Plaintiffs, then such Counsel for Plaintiffs shall, within five (5) business days from receiving notice from Counsel for Defendants or the Court, refund to the Settlement

Fund any such fees, expenses and/or costs previously paid or otherwise transferred to them from the Settlement Fund plus interest at the same rate earned on the Settlement Fund. Plaintiffs' Counsel, as a condition of receiving such fees, expenses and/or costs, on behalf of themselves and each of their partners and/or shareholders, agree that they and all of them are subject to the jurisdiction of this Court for the purpose of enforcing the provisions of this ¶ 5.10.

**F. Mutual Releases**

6.1.    The obligations incurred pursuant to this Stipulation shall constitute a full and final disposition of the Action, the Dismissal with Prejudice of the Action without costs, and the general release of any and all Released Claims, Unknown Claims, and any and all Released Defendants' Claims as against all Released Parties.

6.2.    Upon final approval of the Settlement, Lead Plaintiff shall seek the entry of a Final Judgment and Order of Dismissal With Prejudice containing a general release of the Released Claims, and Unknown Claims, and an agreement not to initiate any further actions related to the Released Claims, against any of the Defendants or their respective Corresponding Released Parties.

The General Releases that shall become effective pursuant to the terms and conditions herein shall state as follows:

(i).    Upon the Effective Date of Settlement, in consideration of the payment of the mutual promises contained in this Stipulation, and such other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, their Corresponding Released Parties and each of them (collectively the "Plaintiff Releasors"), shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal With Prejudice shall have, fully, finally, generally, and forever released, relinquished and discharged all Released Claims

and Unknown Claims against Defendants, their Corresponding Released Parties and each of
them, and Defendants' Counsel (collectively the "Defendant Releasees"), whether or not any
Settlement Class Member executes and delivers the Proof of Claim. Delivery of a Proof of
Claim executed by a Settlement Class Member shall constitute a general release by such
Settlement Class Member of all Released Claims against the Defendant Releasees. In addition,
Plaintiff Releasors agree that they shall not initiate any further actions related to the Released
Claims against any of the Defendant Releasees.

        (ii).    Upon the Effective Date of Settlement, in consideration of the
payment of the mutual promises contained in this Stipulation, and such other good and valuable
consideration, the receipt of which is hereby acknowledged, Defendants, their Corresponding
Released Parties and each of them (collectively the "Defendant Releasors"), shall be deemed to
have, and by operation of the Final Judgment and Order of Dismissal With Prejudice shall have,
fully, finally, generally, and forever released, relinquished and discharged all Released Claims
and Unknown Claims against Plaintiffs, their Corresponding Released Parties and each of them,
and Plaintiffs' Counsel (collectively the "Plaintiff Releasees"), whether or not any Settlement
Class Member executes and delivers the Proof of Claim. Delivery of a Proof of Claim executed
by a Settlement Class Member shall constitute a general release by such Settlement Class
Member of all Released Claims against the Defendant Releasees. In addition, Defendant
Releasors agree that they shall not initiate any further actions related to Defendants' Released
Claims against any of the Plaintiff Releasees.

        6.3.    Only those Settlement Class Members filing valid and timely Proof of Claim and
Release forms shall be entitled to participate in the Settlement and receive a distribution from the
Settlement Fund. The Proof of Claim and Release forms to be executed by Settlement Class

Members shall release all Released Claims against the Released Parties. All Settlement Class

Members shall be bound by the releases set forth in Section 6.2 hereof, whether or not they

submit a valid and timely Proof of Claim and Release.

**G.      Order For Notice Of Settlement Hearing, Rights of Settlement Class Members**

7.1.    Promptly after execution of this Stipulation, Lead Plaintiff's Counsel and

Defendants' Counsel shall jointly submit, either by letter or pursuant to motion, this Stipulation

together with its Exhibits to the Court and shall apply for preliminary approval of the Settlement

set forth in this Stipulation, entry of an Order for Notice and Hearing, and approval of the

mailing and publication of the Notice and Publication Notice, substantially in the form of

Exhibits A-1 and A-3 hereto, which shall include the general terms of the Settlement set forth in

this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense

Application as defined in ¶8.1 below and the date of the Settlement Hearing as defined below.

7.2.    At the time of the joint submission described in ¶7.1, Lead Plaintiff's Counsel and

Defendants' Counsel shall also jointly request that, after Notice is given, the Court hold a hearing

(the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or

after the Settlement Hearing, Lead Plaintiff's Counsel also will request that the Court approve the

proposed Plan of Allocation and the Fee and Expense Application.

7.3.    Unless the Settlement is terminated in accordance with the terms and conditions

hereof, upon the Effective Date and thereafter, and in accordance with the terms of the Plan of

Allocation, or such further approval and further order(s) of the Court as may be necessary or as

circumstances may require, the Settlement Fund shall be distributed to Authorized Claimants,

consistent with the following:

(i) Any Person falling within the definition of the Settlement Class may be

excluded from the Settlement Class by submitting to the Claims Administrator a Request for Exclusion, which complies with the requirements set forth in ¶11 of the Order for Notice and Hearing, Exhibit A hereto, and is postmarked no later than twenty-one (21) calendar days prior to the date of the Settlement Hearing. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Order of Dismissal With Prejudice. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until the Bar Date (defined below) and receive payments pursuant to this Stipulation and Settlement provided the Settlement Class member also submits a valid Proof of Claim, as set forth in subparagraph 7.3(ii), below, prior to the Bar Date;

(ii) By 150 calendar days after the Notice Date, or such other time as may be set by the Court (the "Bar Date"), each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Plaintiffs' Counsel, in their discretion, may deem acceptable;

(iii) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment and Order of Dismissal With

Prejudice and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

7.4.     Subject to ¶¶ 3.9 and 4.0 hereof, any Person falling within the definition of the Settlement Class may object to the Settlement by submitting an Objection which complies with the requirements set forth in ¶12 of the Order for Notice and Hearing, Exhibit A hereto, and is postmarked no later than twenty-one (21) calendar days prior to the date of the Settlement Hearing.  All Persons who submit valid and timely Requests for Exclusion shall have no rights to object under the Stipulation.

**H.  Plaintiffs' Counsels' Attorneys' Fees And Reimbursement Of Expenses**

8.1.     Lead Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' Counsel from the Gross Settlement Fund for: (a) an award of attorneys' fees not to exceed 25% of the Gross Settlement Fund; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action (including costs of notice and settlement administration), plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court. Defendants shall have no obligation to make any payment whatsoever of attorneys' fees or costs, which fees and costs shall be paid solely from the Gross Settlement Fund.  Defendants will not oppose the Fee and Expense Application, so long as it is in accordance with this Stipulation. Lead Plaintiff's Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

8.2.     The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Lead Plaintiff's Counsel from the

Settlement Fund, as Ordered, immediately after the Effective Date.

8.3      The procedure for and allowance or disallowance by the Court of any application by Lead Plaintiff's Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to Lead Plaintiff's Counsels' fees and expense application, or any appeal from any Order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action; provided that any payment of attorneys' fees and expenses, including fees and expenses of experts and consultants, shall be paid solely from the Gross Settlement Fund in accordance with the terms and conditions hereof.

8.4.     Defendants and their Corresponding Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Plaintiffs' Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Gross Settlement Fund.

8.5.     Defendants and their Corresponding Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**I.   Miscellaneous Provisions**

9.1.    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Plaintiff's Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice of Hearing, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2.    Defendants will cooperate with Lead Plaintiff in obtaining approval of the Settlement, including by providing to the Claims Administrator to the extent reasonably available, the Company's transfer records showing names and addresses of record transferees of Abbey ADRs during the Settlement Class Period, for the purpose of giving direct mail notices to said class members.

9.3.    Counsel for all Parties shall endeavor to make suitable arrangements for the return or destruction (at the election of the non-producing party) of all discovery materials produced by Defendants or their counsel promptly upon final approval and expiration of the time for appeal of the Order and Final Judgment with respect to the Settlement.

9.4.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.5.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.6.    All of the Exhibits to this Stipulation are material and integral parts thereof and

are fully incorporated therein by this reference.

9.7.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8.    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.9.    Plaintiffs acknowledge that they are satisfied that an adequate factual record has been established that supports the Settlement and hereby waive any right to conduct discovery to assess or confirm the Settlement.

9.10    Each Counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.11.    This Stipulation may be executed in one or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court.

9.12.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

9.13.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties hereto are subject to the jurisdiction

of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.14.   This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and shall be governed by, construed and enforced in accordance with the internal laws of the State of New York without regard to choice of law principles.

9.15.   This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.16.   The Parties agree that this Stipulation supercedes the MOU dated October 5, 2006.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: November 14, 2006      GLANCY BINKOW & GOLDBERG LLP

By: _____

Peter A. Binkow (Admitted Pro Hac Vice)
Neal A. Dublinsky (Admitted Pro Hac Vice)
Robert M. Zabb (RZ-0625)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

**Co-Lead Counsel for Plaintiffs**

Dated: November 14, 2006      THE MILLER LAW FIRM, P.C.

By: _____

E. Powell Miller
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852

**Co-Lead Counsel for Plaintiffs**

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: November 14, 2006                    GLANCY BINKOW & GOLDBERG LLP

                                    By:     _____
                                            Peter A. Binkow (Admitted Pro Hac Vice)
                                            Neal A. Dublinsky (Admitted Pro Hac Vice)
                                            Robert M. Zabb (RZ-0625)
                                            1801 Avenue of the Stars, Suite 311
                                            Los Angeles, California  90067
                                            Telephone:    (310) 201-9150
                                            Facsimile:    (310) 201-9160

                                            *Co-Lead Counsel for Plaintiffs*

Dated: November 14, 2006                    THE MILLER LAW FIRM, P.C.

                                    By:     _____
                                            E. Powell Miller
                                            950 West University Drive, Suite 300
                                            Rochester, Michigan 48307
                                            Telephone: (248) 841-2200
                                            Facsimile: (248) 652-2852

                                            *Co-Lead Counsel for Plaintiffs*

LABATON SUCHAROW & RUDOFF LLP
Ira A. Schochet, Esq.
100 Park Avenue
New York, NY 10017
Telephone: 212.907-0700
Facsimile: 212 883-7064

***Liason Counsel for Plaintiffs***

Dated: November 14, 2006

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:

Neil P. Forrest (NF-8162)
Katie Sykes
One Liberty Plaza
New York, New York 10006
Telephone: 212.225-2000
Facsimile: 212 225-3999

***Attorneys for Defendants***

40