UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2006

---

THE CITY OF STERLING HEIGHTS
POLICE AND FIRE RETIREMENT SYSTEM,
Individually And On Behalf Of All Others
Similarly Situated,

        Plaintiff,

  v.

ABBEY NATIONAL, PLC and IAN HARLEY,

        Defendants.

---

Civil Action No. 05-cv-2141-DC

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE AND HEARING

WHEREAS, an action filed as a class action entitled The City of Sterling Heights And Fire Retirement System v. Abbey National, PLC and Ian Harley, Civil Action No. 05-cv-2141-DC (the "Litigation" or "Action") is pending before the Court;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with a Stipulation of Settlement dated as of November 14, 2006 (the "Stipulation") which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the

2

[New York #1647593 v2]

Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration and final approval at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased Abbey ADRs in the open market during the Settlement Class Period, but excluding Defendants; members of Defendants' immediate families; all individuals who are either current or former officers and/or directors of Abbey or any of its affiliates or subsidiaries, or who served as officers and directors of any such entity at any time during the Settlement Class Period, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest or any entity which is or was related to or affiliated with any Defendant; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons..

3. A hearing (the "Settlement Hearing") shall be held before this Court on

(DC) March 2, 2007, at 11:30 a.m., at the United States District Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 1020, New York, New York 10007-1312 to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to each of the Settling Parties and the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal With Prejudice as defined in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiff's Counsel.

4. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action and Settlement Hearing Thereon (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Publication Notice of Proposed Settlement (the "Publication Notice") annexed as Exhibits A-1, A-2 and A-3 to the Stipulation, respectively, and finds that mailing and distribution of the Notice and publication of the Publication Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Lead Plaintiff's Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to act (together with Lead Plaintiff's Counsel and Defendants'

4

Counsel) as escrow agent for the Settlement Fund ("Escrow Agent"). The Claims Administrator shall supervise and administer the notice procedure and the Settlement as well as the processing of claims as more fully set forth below:

    a.    Not later than twenty (20) court days after the date of this Order (the "Notice Date"), Lead Plaintiff's Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first class mail to all members of the Settlement Class who can be identified with reasonable effort;

    b.    Not later than ten (10) court days after the Notice Date, Lead Plaintiffs' Counsel shall cause the Publication Notice to be published once in the national edition of the Investor's Business Daily; and

    c.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

    6.    Nominees who held American Depository Receipts ("ADRs") of Abbey National PLC ("Abbey") purchased during the period beginning January 2, 2002, through and including June 10, 2002 (the "Settlement Class Period"), shall send the Notice and the Proof of Claim to the beneficial owners of such Abbey ADRs within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten

(10) d ays o f r eceipt t hereof i n w hich e vent t he C laims A dministrator s hall p romptly m ail t he Notice and Proof of Claim to such beneficial owners.

7.  All members of the Settlement Class who do not submit a valid request for exclusion in accordance with ¶11 below shall be bound by all Orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8.  Members of the Settlement Class who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than 150 calendar days after the date of this Order. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, and shall also be bound by all Orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class, unless otherwise ordered by the Court.

9.  Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Plaintiff's Counsel.

10.  Pending final determination of whether the Settlement should be approved,

6

neither the Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11. Any Person falling within the definition of the Settlement Class, may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator and Plaintiff's Lead Counsel a request for exclusion ("Request for Exclusion"), received no later than twenty-one (21) calendar days prior to the date of the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Abbey ADRs made during the Settlement Class Period, including the dates, the number of ADRs, and price paid or received per ADR for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendants' Counsel within five (5) business days of receipt by Lead Plaintiffs or Plaintiffs' Counsel but in no event later than ten (10) business days before the Settlement Hearing.

7

12.     Any Settlement Class Member may appear and show cause (if he, she or it has any): (1) why the proposed Settlement of the Action should or should not be approved as fair, just, reasonable and adequate: (2) why a Final Judgment and Order of Dismissal With Prejudice should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; and/or (4) why attorneys' fees and expenses should or should not be awarded to Lead Plaintiff's Counsel. However, no Settlement Class Member or any other Person shall be heard or entitled to contest or appeal the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment and Order of Dismissal With Prejudice to be entered thereon approving the same, or the Order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiffs' Counsel unless that Person has (a) delivered by hand or sent by overnight or first-class mail written objections and copies of any papers and briefs such that they are received on or before twenty-one (21) calendar days before the date of the Settlement Hearing, to Peter A. Binkow, Glancy Binkow & Goldberg LLP, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067, and Neil P. Forrest, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, and (b) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before twenty-one (21) calendar days before the date of the Settlement Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be

deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Final Judgment and Order of Dismissal With Prejudice, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to Lead Plaintiff's Counsel, unless otherwise ordered by the Court.

13.  The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a member of the Settlement Class, the Lead Plaintiff or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation; provided that, as set forth in the Stipulation, upon termination of the Settlement or the Stipulation, Defendants shall be entitled to a refund of the Gross Settlement Fund, plus interest, less certain administrative costs and taxes described therein.

14.  All funds held by the Escrow Agents shall be deemed and considered to be subject to the jurisdiction of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.  All papers in support of the Settlement, the Plan of Allocation and the application

by Lead Plaintiff's Counsel for attorneys' fees or reimbursement of expenses shall be filed and served ten (10) calendar days prior to the Settlement Hearing.

16. Neither Defendants nor Defendants' Counsel shall have any responsibility or liability for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

18. All reasonable and documented expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Gross Settlement Fund, and other amounts described in the Stipulation, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of Plaintiff's counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Gross Settlement Fund in accordance with ¶5.7 (i) & (ii) & ¶5.8 of the Stipulation. Pursuant to ¶5.8 of the Stipulation, any such funds shall be paid from the Gross Settlement Fund, subject to the $60,000 cap set forth therein, and in no event shall Defendants be responsible for payment of any amount except the Settlement Amount that it

agreed to pay in ¶ 2.1 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiff and/or the Settlement Class of any infirmity in the claims asserted in the Litigation.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

Dated: __11/20__, 2006

_____
HONORABLE DENNY CHIN
UNITED STATES DISTRICT COURT JUDGE