MINS.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CITY OF STERLING HEIGHTS
POLICE AND FIRE RETIREMENT SYSTEM,
Individually And On Behalf Of All Others
Similarly Situated,
DC

        Plaintiff,

v.

ABBEY NATIONAL, PLC and IAN HARLEY,

        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/07

Civil Action No. 05-cv-2141-DC

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing (the "Settlement Hearing") pursuant to the Order of this Court entered November 20, 2006, on the application of the parties for final approval of the settlement set forth in the Stipulation of Settlement dated November 14, 2006 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

[New York #1651147 v1]

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. The Settlement Class is defined as all Persons who purchased Abbey ADRs in the open market during the Settlement Class Period, but excluding Defendants; members of Defendants' immediate families; all individuals who are either current or former officers or directors of Abbey or any of its affiliates or subsidiaries, or who served as officers and directors of any such entity at any time during the Settlement Class Period, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest or any entity which is or was related to or affiliated with any Defendant; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class; finds further that all elements for maintenance of this Action as a Rule 23 Class Action have been met; and finds further that Lead Plaintiff and its Counsel adequately represented the Class for the purpose of negotiating, entering into, and implementing the Settlement and the Stipulation.

5. The Court finds that the Stipulation, and Settlement contained therein, is fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. The Action (including all individual claims and Settlement Class claims presented thereby) is hereby dismissed in its entirety with prejudice and on the merits, in full and final

discharge of the Released Claims. The parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

7. Upon the Effective Date hereof, and in consideration of: Defendants' agreement to pay (or have their insurance companies pay) the amount of $525,000 (the "Cash Settlement Amount") and the mutual promises contained in the Stipulation, including Defendants' agreement to mutually release Plaintiffs and their Corresponding Released Parties upon the Effective Date, and such other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, their Corresponding Released Parties, and all Settlement Class Members and each of them (collectively the "Plaintiff Releasors"), shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, generally, and forever released, relinquished and discharged all Released Claims and Unknown Claims against Defendants, their Corresponding Released Parties and each of them, and Defendants' Counsel (collectively the "Defendant Releasees"), whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release. Delivery of a Proof of Claim executed by a Settlement Class Member shall constitute a general release by such Settlement Class Member of all Released Claims against the Defendant Releasees.

8. The Lead Plaintiff and all other Settlement Class Members who have not been excluded from the Settlement Class are hereby permanently barred and enjoined from (a) filing, commencing, instituting, prosecuting, intervening in, or participating (as class members or otherwise), directly or indirectly or in any other capacity, in this Action or in, any lawsuit, action or legal, arbitral, administrative, or any other proceeding, in any tribunal or forum in the United States or elsewhere, based on or relating to this Action or any Released Claim, or the facts and circumstances relating thereto, regardless of whether the Lead Plaintiff and/or other Class

3

Member ever seeks or obtains any distribution from the Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim and Release form; and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

9. Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(f)7 and case authorities such as Franklin v. Kaypro Corp., 884 F.3d 1222 (9th Cir. 1989), the Judgment bars and permanently enjoins all Persons from instituting or prosecuting any action or proceeding against the Defendants for equitable, partial, comparative, or complete contribution, subrogation, or indemnity, however denominated, arising out of or relating in any way to the Released Claims.

10. Upon the Effective Date hereof, and in consideration of the mutual releases to be provided on the Effective Date by Lead Plaintiffs, the Settlement Class, and all members thereof, as set forth in ¶7, above, Defendants, and each of them (and their Corresponding Released Parties as set forth in ¶ 6.2 of the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiffs, Settlement Class Members, Lead Plaintiffs' Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendants' Claims (including "Unknown Claims").

11. The notice given to the Settlement Class, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the notice, including the proposed Settlement set forth in the Stipulation, and the Settlement Hearing thereon, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process. Members of the Settlement Class have been provided a full opportunity to object to the proposed Settlement and participate in the Hearing thereon. Settlement Class Members who wished to object to the proposed Settlement were required to submit any objection on or before February 9, 2007. No objections to the proposed Settlement have been submitted by any Settlement Class Member. All members of the Settlement Class who did not elect to exclude themselves by proper written communication postmarked or delivered to Lead Plaintiff's Counsel on or before February 9, 2007, as required by the Notice and Preliminary Approval Order, are bound by this Judgment. No members of the Settlement Class submitted valid requests for exclusion.

12. Any plan of allocation submitted by Lead Plaintiff's Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Judgment or the finality thereof and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Action Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault or omission of or by

the Defendants and/or their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, liability, negligence, fault or omission of or by any of the Defendants and/or their Corresponding Released Parties with respect to any statement, action, omission or written document attributed to, approved or made by any of the Defendants, or any of their Corresponding Released Parties, in any civil, criminal or administrative proceeding in or before any court, arbitral forum, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, Lead Plaintiff, Settlement Class Members, their respective Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged in the Action by any Party thereto, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their respective Corresponding Parties, or each or any of them, that any of the Class Action Plaintiffs' claims are with or without merit, that damages recoverable under the Class Action Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling Parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

6

settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that this Action was filed, and the actions in support thereof were taken, on a good faith basis in accordance with § 21D(c)(1) of the Private Securities Litigation Reform Act of 1995 and that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Counsel for Plaintiffs and the Settlement Class are awarded fees in the amount of $ 105,000— or 20 % of the Settlement Fund, plus reimbursement of expenses in the amount of $ 30,000 —, plus interest to the same extent that interest has been earned on the Settlement Fund, all to be paid from the Settlement Fund pursuant to the terms of the Stipulation, subject to the provisions of paragraphs 5.10 and 8.1-8.5 of the Stipulation.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

7

[New York #1651147 v1]

18. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits thereto) as (a) shall be consistent in all material respects with this Judgment, or (b) do not limit the rights of Settlement Class Members.

IT IS SO ORDERED.

Dated: __3/2__, 2007

THE HONORABLE DENNY CHIN
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

[New York #1651147 v1]