UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

**THE CITY OF STERLING HEIGHTS POLICE AND FIRE RETIREMENT SYSTEM, Individually and On Behalf of Others Similarly Situated,**

                    Plaintiff,

v.

**ABBEY NATIONAL, PLC and IAN HARLEY,**

                    Defendants.

------------------------------------- X

Civil Action No. 05-cv-2141-DC

**MOTION FOR AN ORDER AUTHORIZING DISBURSEMENT
OF THE NET SETTLEMENT FUND; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

**I.**     **INTRODUCTION**

This is a securities class action brought on behalf of purchasers of Abbey National American Depository Receipts ("ADRs") during the period July 24, 2001 through June 10, 2002[1], alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, against Abbey National and its then-Chief Executive Officer, Ian Harley. Lead Plaintiff's Amended Class Action Complaint, filed on March 24, 2005, alleged that Ian Harley and other Abbey National representatives made materially misleading statements to the Settlement Class regarding the financial health of Abbey National, particularly with respect to certain high-risk

---

[1] By its Order dated March 31, 2006, the Court dismissed the claims related to the 2001 portion of the class period alleged in the Amended Class Action Complaint.

1

investments it held, thereby inflating the price of Abbey ADR's and causing severe financial loss to the Settlement Class when the true nature of Abbey National's financial health came to light. Specifically, Plaintiff argued that Defendants misrepresented the health of its investment portfolio with respect to its holdings in Enron Corp., Tyco International, Ltd., and WorldCom, Inc., and that Defendant Harley breached his fiduciary duty to Abbey's shareholders by virtue of such misrepresentations. *See* ¶2 of the Declaration of Peter A. Binkow submitted herewith ("Binkow Decl.").

Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a controlling interest, current or former directors and officers of Abbey and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Proposed Settlement of Class Action. Binkow Decl. ¶3.

The Action was settled as to all Settling Defendants by the payment of the principal amount of $525,000 by the Settling Defendants for the benefit of the Settlement Class. Binkow Decl. ¶4. The Settlement was approved by the Court by a Final Judgment and Order of Dismissal with Prejudice, dated March 5, 2007 ("Final Judgment"). *Id*. Pursuant to the Final Judgment, the Court retained "continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund created by the Stipulation, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement." (Final Judgment at 5:14).

Plaintiffs now seek to distribute the Net Settlement Fund, as defined below, to the Settlement Class.

## II.     DETERMINATION OF AUTHORIZED CLAIMS

### A.     Deficient and Ineligible Claims

Pursuant to the Settlement Notice, the deadline for submitting claims was April 19, 2007. Binkow Decl. ¶5.  The Claims Administrator, The Garden City Group, Inc. ("Claims Administrator" or "GCG") has now finalized its determination of which claims submitted are authorized and which are ineligible.  Binkow Decl. ¶6; *see also* Affidavit of Jason Zuena ("Zuena Aff.") and Exhibit B to the Zuena Aff.) submitted herewith.

As stated in the Zuena Affidavit, when a claim was deemed deficient, GCG sent letters to claimants notifying them of such deficiency, providing claimants the opportunity to cure the deficiency with the submission of additional and appropriate information.  The claimant was also notified that a failure to correct the deficiency would result in a recommendation that the claim either be disallowed or partially accepted to the extent the claim was adequately documented. *See* Zuena Aff. ¶¶7-10, Exh. A.

Claims deemed ineligible due to purchases not made within the Class Period, no recognizable loss, or duplicate claims filed were sent ineligibility letters, and given the opportunity to contest or resolve the deficiency.  Zuena Aff., ¶11.  Plaintiffs respectfully request the Court to approve GCG's recommendation to disallow the ineligible and deficient claims set forth in Exhibit B to the Zuena Affidavit.

### B.     Untimely but Otherwise Authorized Claims

It is well settled that:

> The determination whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court.

*In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. 97-381, 2000 WL 1023782, at *3 (E.D. Pa. July 10, 2000) (quoting *In re Crazy Eddie's* [sic] *Sec. Litig.*, 906 F. Supp. 840, 843 (E.D.N.Y. 1995)); *see Zients v. LaMorte*, 459 F.2d 628, 629-30 (2d Cir. 1972).

Moreover, "there is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement." *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. at 845 (citing *Manual for Complex Litigation, Third*, § 30.47 (Federal Judicial Center 1995)).

Still further, the Final Judgment states that the Court retained "continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund created by the Stipulation, including interest earned thereon; (b) disposition of the Gross Settlement Fund . . ." *See* Final Judgment at 5:14.

As shown by the Zuena Affidavit, 11 untimely but otherwise authorized claims have been submitted. These claims represent a Recognized Loss of $2,739.85, out of a total Recognized Loss for all authorized claims, whether timely or untimely, of $2,871,403.54. Zuena Aff. ¶18, Exh. B.

The untimely filed claims have not caused significant delay to the distribution of the Net Fund, or otherwise prejudiced Defendants (Stipulation of Settlement at ¶2.5, providing for a closed-end fund), or prejudiced any authorized claimant. *See Dahingo v. Royal Caribbean Cruises Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004) citing *In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court even allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having "no justifiable expectation in any particular pay-out"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets") Moreover, "there is an implicit recognition that late claims should ordinarily be

4

considered in the administration of a settlement." *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. at 845 (citing *Manual for Complex Litigation, Third*, § 30.47 (Federal Judicial Center 1995)).

Plaintiffs therefore request that the Court approve payment of the untimely but otherwise authorized claims.

### III.   DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Settlement Stipulation and the Plan of Allocation set forth in the Court-approved notice of settlement, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, in accordance with the Stipulation and the Plan of Allocation, or such further approval and further orders of the Court as may be necessary or as circumstances may require.  Binkow Decl. ¶8 and Stipulation of Settlement at 15-16.  Because the Claims Administrator has now finished processing all claims, Plaintiffs request the Court to authorize distribution of the Net Settlement Fund (net of the Claims Administrator's fees and expenses) to eligible Class Members as provided in the Notice sent to the Class in connection with the Settlement.  *Id*.

### IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the Proposed Order submitted herewith.


Dated:  August 11, 2009

                                                      GLANCY BINKOW & GOLDBERG LLP

                                                      *s/Katherine Den Bleyker*
                                                      Katherine Den Bleyker (KD-1245)

                                                      1801 Avenue of the Stars, Suite 311
                                                      Los Angeles, CA  90067
                                                      Tel:  (310) 201-9150
                                                      Fax:  (310) 201-9160
                                                      Email:  info@glancylaw.com

          THE MILLER LAW FIRM, P.C.
          E. Powell Miller
          950 West University Drive, Suite 300
          Rochester, Michigan 48307
          Telephone: (248) 841-2200
          Facsimile: (248) 652-2852

          *Co-Lead Counsel for Plaintiffs*

PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO SOUTHERN DISTRICT OF NEW YORK
LOCAL RULES AND ECF RULES AND INSTRUCTIONS
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On August 11, 2009, I caused to be served the following documents by posting such documents electronically to the ECF website of the United States District Court for the Southern District of New York:

1. MOTION FOR AN ORDER AUTHORIZING DISBURSEMENT OF THE NET SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2. DECLARATION OF PETER A. BINKOW IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING DISBURSEMENT OF THE NET SETTLEMENT FUND

3. AFFIDAVIT OF JASON ZUENA IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT

4. [PROPOSED] ORDER AUTHORIZING DISBURSEMENT OF THE NET SETTLEMENT FUND

and, upon all others not so-registered but instead listed below:

Jennifer L. Kroman
Cleary Gottlieb Steen & Hamilton, LLP
1 Liberty Plaza
New York, NY 10006

Michael Moco
VanOverbeke Michaud & Timmony
79 Alfred Street
Detroit, MI 48201

Powell Miller
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307

Howard G. Smith
3070 Bristol Pike
Bensalem, PA 19020

Raynard Struck
Ronald Bell & Associates, P.C.
610 Seventh, NW
Alburquerque, NM 87102

Michael VanOverbeke
VanOverbeke Michaud & Timmony
79 Alfred Street
Detroit, MI 48201

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the

collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 11, 2009, at Los Angeles, California.

                                *s/Katherine Den Bleyker*
                                Katherine Den Bleyker